UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS EDWARD LAWS, #245680,

        Petitioner,

v.                                          CASE NO. 2:21-CV-11183
                                          HON. DENISE PAGE HOOD

JOHN CHRISTIANSEN,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE THE
PETITIONER'S MOTION FOR EQUITABLE TOLLING
and MOTION TO APPOINT COUNSEL**

        This habeas case is before the Court on Petitioner's motion for equitable tolling. Petitioner admits that his habeas petition was not filed within the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), but asserts that he is entitled to equitable tolling for 72 days of that period when his prison law library was closed, thereby making his petition timely. Respondent has not yet filed an answer to the petition or the state court record. Those materials are due on August 9, 2021. Petitioner shall then have 45 days to file any desired reply. Accordingly, the Court **DENIES** without prejudice Petitioner's motion for equitable tolling. The Court shall consider the timeliness of the petition and/or the merits of the claims after all of the pleadings and the state court record have been filed. Petitioner need not file another motion on this issue.

        As to Petitioner's Motion to Appoint Counsel, a petitioner has no absolute right to be represented by counsel on federal habeas review. *Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Wright v. West*, 505 U.S. 277, 293 (1992) (citations omitted). A court may appoint counsel for an indigent person seeking habeas relief when "the interests of justice so

require," 18 U.S.C. § 3006A(a)(2)(B); and must do so under certain specified circumstances. See Rules Governing § 2254 Cases, Rule 6(a) (discovery), 8(c) (evidentiary hearings).

Neither the interests of justice nor the current circumstances require the appointment of counsel at this time. The Court **DENIES** the motion without prejudice. The Court may re-consider Petitioner's request after review of the Rule 5 materials and any response and reply briefs. Petitioner need not file another motion on this issue.

Accordingly, the Motion for Equitable Tolling (ECF No. 4) and the Motion to Appoint Counsel (ECF No. 3) are **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/Denise Page Hood
United States District Judge

Dated: June 10, 2021