UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS EDWARD LAWS,

              Petitioner,

                                     CASE NO. 2:21-CV-11183
v.                                  HON. DENISE PAGE HOOD

JOHN CHRISTIANSEN,

              Respondent.

_____/

**OPINION & ORDER GRANTING RESPONDENT'S MOTION**
**TO DISMISS, DISMISSING THE HABEAS PETITION,**
**DENYING A CERTIFICATE OF APPEALABILITY & DENYING**
**LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254.[1]  Michigan

prisoner Louis Edward Laws ("Petitioner") was convicted of possession of 50 to 449

grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iii), following a bench trial in

the Oakland County Circuit Court.  He was sentenced to 8 years 3 months to 30 years

imprisonment in 2017.  In his pleadings, Petitioner asserts that he is entitled to habeas

relief because the trial court erred in denying a suppression motion challenging the

---

[1]The habeas petition states that it was prepared with the assistance of a prison legal
writer.

search warrant for lack of probable cause and because trial counsel was ineffective for failing to call any defense witnesses.

The matter is before the Court on Respondent's motion to dismiss the habeas petition as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner has not filed a reply to that motion, but in a prior motion for equitable tolling he claimed that he is entitled to equitable tolling for 72 days when the prison law library was closed. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.    Procedural History

Petitioner's conviction arises from a search of a residence in Pontiac, Michigan in 2016. The Michigan Court of Appeals described the relevant facts as follows:

> Defendant's conviction arises from the seizure of cocaine during the execution of a search warrant at a residence on Kenilworth Street in Pontiac. Upon entering the residence, the police saw defendant exiting the bathroom, heard the toilet running, and noticed that the water level in the toilet was low. A police officer immediately kicked the toilet off the floor and recovered a sock from the basin of the toilet. The sock contained three bags of a powder, which tested positive for cocaine. The bags weighed 108 grams, 16 grams, and 4 grams, respectively.
>
> Defendant was the only person inside the home at the time of the search. From the kitchen table, the police recovered a box of baking soda, a digital scale with white residue on the face, and a box of plastic bags.

From the sink, the police recovered a glass Pyrex dish and two knives, which items tested positive for cocaine. From the garbage outside, the police recovered plastic bags with the corners missing and latex gloves. The police recovered $ 2,765 from defendant's pockets. Five cell phones were recovered from the home, including one phone that had incoming text messages identifying the recipient as "Lou" and requesting various amounts of both crack or powder cocaine, and outgoing messages responding affirmatively. Detective Daniel Main, who was qualified as an expert in drug trafficking, testified that the recovered evidence was consistent with drug trafficking and inconsistent with personal use.

*People v. Laws*, No. 341739, 2019 WL 1574772, *1 (Mich. Ct. App. April 11, 2019).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims of error, including the same claims presented on habeas review. The court denied relief on those claims and affirmed his conviction. *Id*. at *1-9. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Laws*, 504 Mich. 998, 934 N.W2d 215 (Oct. 29, 2019).

Petitioner dated his federal habeas petition on May 12, 2021.

**III.   Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations.  "[D]istrict courts are permitted ... to consider *sua*

*sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on October 29, 2019. Petitioner's convictions became final 90 days later when the time for seeking a writ of certiorari with the United States Supreme Court expired, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about January 27, 2020. Accordingly, Petitioner was required to file his federal habeas petition by January 27, 2021, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not date his federal habeas petition until May 12, 2021 – 105 days after the one-year period had expired. His habeas petition is therefore untimely and subject to dismissal.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-enacted, retroactively applicable law or newly-discovered facts. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

-5-

Petitioner, however, asserts that he is entitled to equitable tolling of the one-year period.  The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling because the prison law library was closed from November 6, 2020 until March 2, 2021 due to the Covid-19 pandemic such that he was unable to work on his habeas petition during that time.  It is well-settled, however, that a petitioner's limited access to legal materials is not sufficient to warrant equitable tolling.  *See Hall v. Warden, Lebanon Corr. Inst.*, 662

F.3d 745, 750-51 (6th Cir. 2011) (rejecting petitioner's argument that he was entitled to equitable tolling due to lack of access to transcripts, as well as his pro se status and limited law library access); *McMurray v. Smith*, No. 1:15-CV-75, 2015 WL 6618823, *5-6 (W.D. Mich. Oct. 30, 2015) (adopting magistrate judge's opinion, citing cases, and ruling that petitioner placed in administrative segregation without access to legal materials or assistance was not entitled to equitable tolling); *United States v. Cherry*, No. 04-90040, 2010 WL 3958679, *2 (E.D. Mich. Oct. 8, 2010) (citing cases holding that lack of access to personal legal materials during prison lockdowns, transfers, and administrative segregation are not extraordinary circumstances to warrant tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance warranting equitable tolling)

Additionally, while the pandemic itself is extraordinary, general allegations regarding lack of law library access are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not explain or present evidence to show why his circumstances prevented him from timely filing a habeas petition and how he attempted to diligently pursue his claims. *See Andrews v. United States*, No. 17-1693, 2017 WL 6376401, *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to timely file a § 2255 motion because although he was in segregation for eight months without his legal

property, he did not explain how he diligently pursued his rights during those months, when his legal materials were returned to him, or how it delayed his filing); *United States v. West*, No. 4-18-cr-737, 2022 WL 44670, *3-4 (N.D. Ohio Jan. 5, 2022) (citing cases and ruling that petitioner was not entitled to equitable tolling where he only made general allegation about pandemic-related lockdown and lack of law library access and failed to show that he acted diligently during the one-year period); *Shoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, *3-4 (E.D. Mich. Sept. 21, 2021) (same); *Mahan v. Steward*, No. 1:21-cv-90, 2021 WL 776989, *1-2 (W.D. Mich. March 1, 2021) (rejecting equitable tolling where petitioner failed to show how pandemic and restricted library access prevented him from timely filing his habeas petition); *Chapman-Sexton v. United States*, No. 2:16-cr-141, 2021 WL 292027, *3 (S.D. Ohio Jan. 28, 2021) ("The record does not indicate that impact of any extraordinary circumstances imposed by COVID-19 prevented Petitioner from timely filing this federal habeas corpus petition within the one-year period...."); *see also Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary

confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Such is the case here. Petitioner merely asserts that the prison law library was closed for a period of time, but he neither alleges nor establishes that he was denied access to all research materials, court forms, writing materials, and/or his own legal papers. Nor does he explain how the lack of access to the law library for part of the one-year period prevented him from timely filing his habeas petition or what steps he took to try to file his habeas petition during the relevant time period. Even without access to the law library, Petitioner had access to his own legal papers. He could have timely submitted a bare bones habeas petition listing his claims and later supplemented his pleadings as necessary.[2] To be sure, his habeas petition consists of claims that were previously raised on direct appeal in the state courts such that additional legal research was not required to present them. *See Mahan*, 2021 WL 776989 at *2. Petitioner fails to show that the lack of law library access for part of the one-year period prevented him from timely seeking habeas relief or that he diligently pursued his claims. Equitable tolling is not warranted under such circumstances.

Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding

_____

[2]The Court notes that other prisoners have been able to timely file habeas petitions, civil rights complaints, and other cases while confined under similar restrictions and lockdowns during the pandemic. *See Schoening*, 2021 WL 4290242 at *3 (noting same).

without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614,

623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. His habeas petition is therefore untimely and must be dismissed.

## IV.    Conclusion

For the reasons stated, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to equitable tolling of the one-year period. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**


s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2022